**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4626**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

BENJAMIN FRANKLIN PASS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:12-cr-00085-D-1)

Submitted:  June 30, 2015                    Decided:  July 29, 2015

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Franklin Pass appeals the district court's imposition of restitution after he pleaded guilty to, inter alia, failing to notify the Environmental Protection Agency of his involvement in waste activities and unlawfully diluting contaminated oil, both in violation of the Toxic Substances Control Act, 15 U.S.C.A. §§ 2601-2695d (West 2009 & Supp. 2015), and aiding and abetting those crimes in violation of 18 U.S.C. § 2 (2012). On appeal, Pass does not challenge the restitution amounts but argues that the district court was without authority to order restitution to entities that Pass claims are not victims of his crimes. Finding no error, we affirm.

"We review a district court's restitution order for abuse of discretion." United States v. Freeman, 741 F.3d 426, 431 (4th Cir. 2014). The district court imposed restitution pursuant to the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663 (2012), which allows a sentencing court to order a defendant convicted of any Title 18 offense to make restitution "to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A). "[T]he term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered[.]" 18 U.S.C. § 3663(a)(2). Restitution is appropriate only for victims harmed by "conduct underlying an element of the offense of conviction, or an act

2

taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996).

Pass contends that the district court erred in ordering him to make restitution to the EPA, AIG Special Insurance, and Colonial Oil Industries, Inc. However, it is evident from the record that Pass's failure to notify the EPA of a serious contamination led to Colonial unknowingly purchasing a large amount of contaminated oil from Pass. As a direct result of this purchase, Colonial incurred substantial losses when it was forced to destroy the contaminated oil and undertake significant cleanup efforts. Pass's insurer, AIG, made payouts to Colonial because of the contaminated oil and, thus, also was directly harmed by Pass's failure to notify the EPA. Finally, the EPA was harmed by Pass's unlawful oil dilution practices, which spread contaminants throughout Pass's facility and caused the EPA to expend additional costs to clean up the site than would have been necessary had no dilution occurred. Because all three victims were directly and proximately harmed by the criminal conduct for which Pass was convicted, the district court did not abuse its discretion in ordering Pass to make restitution to them.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED